JOEL D. SIEGEL (State Bar No. 155581)
Email: joel.siegel@snrdenton.com
PAUL M. KAKUSKE (State Bar No. 190911)
Email: paul.kakuske@snrdenton.com
SNR Denton US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

EDWARD PATRICK SWAN, JR. (State Bar No. 89429)
Email: pswan@luce.com
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101
Telephone: (619) 699-2415
Facsimile: (619) 645-5321

Attorneys for Defendant
FIRST AMERICAN HOME
BUYERS PROTECTION
CORPORATION

FILED
11 DEC 12 AM 11:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY CARRERA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST AMERICAN HOME BUYERS PROTECTION COMPANY, a California Corporation, and DOES 1-20,<br><br>Defendants. | No. CV11-10242 HK (CWx)<br><br>Class Action<br><br>[Los Angeles County Superior Court Case No. BC 422388]<br><br>DEFENDANT FIRST AMERICAN HOMEBUYERS PROTECTION CORPORATION'S NOTICE OF REMOVAL UNDER CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441, AND 28 U.S.C. § 1453 |

COPY

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR
2   THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND
3   HER ATTORNEYS OF RECORD:

4   PLEASE TAKE NOTICE that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446 Defendant, First American Home Buyers Protection Corporation, erroneously sued as First American Home Buyers Protection Company, ("First American") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to this Court. The grounds for removal are as follows:

## Basic Grounds for Removal

1. On November 18, 2011, plaintiff Nancy Carrera filed a First Amended Complaint ("FAC"), on behalf of a putative nationwide class, in the Superior Court of the State of California for the County of Los Angeles, entitled *Carrera v. First American Home Buyers Protection Company*, Case No. BC422388 (the "State Court Action"). This FAC was served on First American on November 18, 2011. Copies of the FAC and proof of service are attached as Exhibit A to the concurrently filed Declaration of Paul M. Kakuske ("Kakuske Dec.").

2. First American removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1446, because this is a putative class action with more than 100 putative class members, the amount in controversy is in excess of $5,000,000, and there is minimal diversity.

3. As more fully set forth below, this action is a blatant attempt to re-litigate, in state court, the identical class allegations that were fully considered and rejected in *Diaz v. First American Home Buyers Protection Corp.*, No. 09-CV-0775 H (WMC) (S.D.Cal., filed Mar. 6, 2009). Other than a different named plaintiff, *Diaz* and *Carrera* are now virtually identical since the filing of the First

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Amended Complaint. Both cases are filed by the same plaintiff's attorneys and allege the same wrongful conduct by First American. *Diaz* was filed first, in San Diego County Superior Court, and removed to the Southern District under CAFA on April 15, 2009. *Diaz* was then fully litigated in the Southern District, culminating with a September 8, 2011 order denying the plaintiff's motion for class certification. Carrera's First Amended Complaint now seeks to assert monetary claims and re-litigate, in state court, the same claims and the exact class certification issues that were fully litigated in *Diaz*.

4. Like *Diaz,* the First Amended Complaint here makes this case unquestionably removable to federal court under CAFA. Upon removal, First American will move to transfer this action to the Southern District and have it assigned to the Honorable Marilyn J. Huff, who has presided over *Diaz* for the last two years and is very familiar with the issues and evidence.

## Previous Removals and Procedural Background

5. First American removed *Diaz* to the Southern District pursuant to CAFA on April 15, 2009, and it was assigned to Judge Huff. Between April 15, 2009 and September 21, 2009, the Southern District issued two orders adverse to plaintiff Diaz. Specifically, on June 22, 2009 the Southern District dismissed Diaz's cause of action for violation of the Consumer Legal Remedies Act (without leave to amend), dismissed Diaz's claim for violation of Business & Professions Code §§ 17200 *et seq.* to the extent it relied on alleged violations of Insurance Code section 790, and dismissed without prejudice Diaz's fifth and sixth causes of action for intentional misrepresentation, concealment, and false promise. (Kakuske Dec., Ex. B)

6. Similarly, on September 21, 2009, the Southern District dismissed Diaz's claims for intentional and negligent misrepresentation and concealment to the extent they were based on certain alleged misstatements identified in the operative pleading, and dismissed Diaz's claim for violation of Section 17200 to

the extent it relied on a violation of California Insurance Code sections 333 *et seq.*, or California Business and Professions Code sections 7000 *et seq.* (Kakuske Dec., Ex. C).

7. On September 23, 2009, two days after the Southern District issued the second unfavorable ruling against plaintiff *Diaz*, plaintiff's counsel filed the original *Carrera* complaint in Los Angeles County Superior Court. However, in contrast to *Diaz*, the original *Carrera* complaint omitted any request for class-wide monetary relief, seeking only injunctive and declaratory relief. The alleged wrongdoing by First American, however, was identical. Plaintiff's counsel fully conceded in subsequent court filings that, in filing *Carrera*, they "deliberately withheld claims for certain monetary relief so as not to implicate CAFA's $5,000,000 jurisdictional amount." (Kakuske Dec., Ex. D).

8. On October 26, 2009, First American removed the original *Carrera* complaint to the Central District (Hon. George H. King) and Plaintiff moved to remand. On November 30, 2009, without ruling on the motion to remand, the Central District granted First American's motion to transfer *Carrera* to the Southern District, where *Diaz* was already pending. The Central District's transfer order emphasized that *Carrera* was a "clear case" warranting transfer, that the "Southern District of California is more familiar with the factual allegations raised against [First American], and how the jurisdictional requirements of CAFA have or have not been alleged and satisfied in *Diaz*." (Kakuske Dec., Ex E).

9. After *Carrera* was transferred to the Southern District, plaintiff renewed her motion to remand, arguing that the intentional omission of any class-wide request for monetary relief meant that CAFA's $5 million threshold was not satisfied. First American countered that, even in the absence of class-wide monetary relief, the "value" of the injunctive and declaratory relief that *Carrera* sought exceeded $ 5 million. On February 17, 2010, the Southern District remanded on the basis that, unlike *Diaz*, the original *Carrera* complaint did not

seek class-wide monetary relief, and that therefore the CAFA $ 5 million threshold was not satisfied. (Kakuske Dec., Ex. F)

10. After remand, the state court (Hon. Carl J. West) ordered a stay of *Carrera* in light of the "identical" *Diaz* action that was already under way:

> "[First American's] [m]otion to stay is granted. This court will not relitigate matters previously decided by the Federal Court in the Diaz case. Similarly, this Court will not concurrently litigate the same matters that remain at issue in the Diaz case. It is clear that the putative class in this case is a subset of the revised class definition in the Diaz case. The gravamen of the claims in both cases is the same. Both challenge First American's practice of selling its warranty service contracts, and both are brought on behalf of nationwide classes. The allegations in both the instant Complaint and the FAC in Diaz are, for all practical purposes, identical." (September 8, 2010 Order) (Kakuske Dec. Ex. G).

Thus, *Carrera* sat dormant in state court for another year.

11. In the interim, *Diaz* was being fully litigated in the Southern District. Specifically, Judge Huff, on motion, dismissed several causes of action, significantly narrowing the claims at issue. (Kakuske Dec., Exs. B, C & H) (copies of June 22, 2009, September 21, 2009, and July 23, 2010 Orders in *Diaz*). The parties also engaged in extensive discovery that spanned nearly two years. By the time of the *Diaz* discovery cut-off (April 22, 2011), ten depositions had been completed, multiple expert reports were exchanged, and each side propounded and responded to written discovery. (Kakuske Dec., ¶ 14).

12. On July 1, 2011, after the close of both class and merits discovery, plaintiff *Diaz* filed a motion for class certification. On September 9, 2011, after two days of hearings, the Southern District denied plaintiff's motion for class certification. (Kakuske Dec., Ex. I). Diaz did not file a petition for review with the Ninth Circuit under Federal Rule of Civil Procedure 23(f). On November 29, 2011, Judge Huff then dismissed the remaining individual action (Kakuske Dec., Ex. J), and entered a final judgment of dismissal in Defendant's favor (*Id.*, Ex. K), after plaintiff *Emily Diaz* refused to accept a Federal Rule of Civil Procedure 68

4

Notice of Removal

offer for the full amount of relief she could recover at trial.

13. On November 17, 2011, after being advised of the denial of class certification in *Diaz*, the state court in *Carrera* held a status conference and inquired as to how the parties desired to proceed. Plaintiff's counsel requested and was granted leave to file a First Amended Complaint, which they filed and served on November 18, 2011 (*Id.*, Ex. A). That First Amended Complaint now injects the same request for class-wide monetary relief that was the basis for CAFA removal in *Diaz*, and in so doing eliminates the sole basis for the prior remand. Thus, *Carrera* is now removable pursuant to CAFA, just as was *Diaz*.

### Proposed Class

14. Plaintiff's First Amended Complaint pleads this case as a nationwide, putative class action and purports to seek certification under California Code of Civil Procedure section 382. (FAC ¶ 18.) It seeks certification of a putative class action of "[a]ll persons and entities in the United States who, during the period from September 22, 2003 through the present (the 'Class Period'), purchased or received a home protection contract issued by Defendant First American Home Buyers Protection Corporation." (*Id.* at ¶ 18.).

15. The First Amended Complaint also seeks certification of a putative subclass of "[a]ll persons and entities in the United States during the period from September 22, 2003 to the present (the 'SubClass Class Period'), who received home protection contracts issued by Defendant First American Home Buyers Protection Company, were listed as the insured on the contract, and who made a claim that was denied, or was covered but where the insured had to pay any amount other that the service call fee." (*Id.* at ¶ 19.).

16. Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class

action."

17. CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). This requirement is met here by Plaintiff's averment that "there are hundreds of thousands of Class and Subclass members, geographically dispersed throughout the United States. . . ." (FAC at ¶ 22.)

### Minimal Diversity

18. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Minimal diversity exists among the parties here. As noted above, here, the putative class consists of "[a]ll persons and entities in the United States who, during the period from September 22, 2003 through the present (the 'Class Period'), purchased or received a home protection contract issued by Defendant, First American Home Buyers Protection Corporation." (FAC at ¶ 18.) Plaintiff further alleges that potential class members are "geographically dispersed throughout the United States." (*Id.* ¶ 22).[1] Clearly, the vast majority of the putative class and subclass are not citizens of California and are diverse from First American, the sole defendant, a citizen of California. (*Id.* ¶ 13). Plaintiff Nancy Carrera, for example, alleged that she is "a Virginia citizen." (Kakuske Dec., Ex. L ¶ 9).[2] In fact, *Carrera* previously conceded in prior court filings in this action that "there is minimal diversity [for purposes of CAFA]." (Kakuske Dec., Ex. D at 8:12-14). Thus, there is minimal diversity here.

### Aggregate Amount in Controversy

19. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and

---

[1] Plaintiff concedes that, as of 2007, a substantial majority of First American's home warranty business (65%) was with class members who are not citizens of California, further supporting removal. (*See* FAC ¶ 13.)

[2] This allegation was included in the original *Carrera* complaint. The FAC omits any reference to Nancy Carrera's residence or citizenship.

6

costs. 28 U.S.C. § 1332(d)(2). Here, based upon Plaintiff's allegations and theories (which First American disputes, but which control for removal purposes), the $5,000,000 amount in controversy requirement is satisfied. Plaintiff "believes that there are hundreds of thousands of Class and Subclass members." (FAC ¶ 22). Plaintiff's prayer for relief seeks "Restitution for Plaintiff and the Class and Subclass on the class claims." (*Id.* at Prayer, ¶ E.; *see also* FAC ¶ 109 ("Plaintiff, on behalf of herself and the Class, seeks restitution of all money and property obtained which Defendant obtained or may have obtained from Plaintiff and the Class as a result of its unfair business practices.")). Here, the "money" that First American obtained from the Class and Subclass consists of the premiums that putative class members paid to First American for their home warranty plan, and any service fee that they paid when they made a warranty claim under that plan. This request alone potentially places at issue hundreds of millions of dollars in premiums and service fees. For example, Plaintiff alleges that, in 2007 alone, First American received "$170 million of direct premiums." (FAC ¶ 13).

20.     Similarly, Plaintiff includes in her Complaint, as Exhibit A, a document purporting to show that the premiums for a basic home warranty plan for a single family home are $270. (FAC, Ex. A). Based upon Plaintiff's allegation that there are "hundreds of thousands of Class and Subclass members," return of this fee alone would potentially amount to at least $54,000,000 ($270 times at least 200,000 putative class members).[3] Additionally, pursuant to California Code of Civil Procedure section 1021.5, Plaintiff also seeks attorney's fees "as provided by law." (*Id.* at Prayer, ¶ D). Thus, attorneys fees are also added to the calculus for the requisite jurisdictional amount.

---

[3] Plaintiff also alleges that First American required her to pay "two service fees of $100.00 each to First American's contractor" (FAC ¶ 43) and later alleges that First American's home warranty plans require a "$55 service fee," (FAC ¶ 35 & Exh. A). Even assuming the lower amount ($55), the amount that the class seeks in restitution of service fees is itself at least $11,000,000 ($55 service call fees multiplied by >100,000 class members).

7

### Removal is Timely and Otherwise Proper

21. This Notice of Removal is filed within thirty days of November 18, 2011, when Plaintiff served the First Amended Complaint in the State Court Action on First American. (*See* Kakuske Dec. Ex A.) Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

22. The United States District Court for the Central District of California embraces the county and court in which Plaintiff filed this case. 28 U.S.C. § 84(c). Therefore this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

23. First American has attached all pleadings, process, and orders served on it in the State Court Action as Exhibit A to this Notice, as required by 28 U.S.C. § 1446(a).

24. First American will promptly serve Plaintiff with this Notice of Removal, and will properly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

Dated: December 12, 2011

SNR DENTON US LLP
JOEL D. SIEGEL
PAUL M. KAKUSKE

By _____
PAUL M. KAKUSKE

Attorneys for Defendant,
First American Home Buyers Protection Corporation

30386460\V-1

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Nancy Carrera

**DEFENDANTS**
First American Home Buyers Protection Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr.
550 West C. Street, Suite 2000
San Diego, California 92101
(619) 241-4810

**Attorneys** (If Known)
Joel D. Siegel (SBN 155581) joel.siegel@snrdenton.com
Paul M. Kakuske (SBN 190911) paul.kakuske@snrdenton.com
SNR Denton US LLP - 601 S. Figueroa St., #2500
Los Angeles, California 90017-5704 - (213) 623-9300
Edward Patrick Swan, Jr. (SBN 89429) pswan@luce.com
Luce, Forward, Hamilton & Scripps LLP - 600 W. Broadway, #2600
San Diego, California 92101 - (619) 699-2415

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State (CAFA) | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ MONEY DEMANDED IN COMPLAINT: Amount not specified

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1453 (CAFA)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

CV11-10242

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                         American LegalNet, Inc.
www.FormsWorkflow.com                        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes
If yes, list case number(s): CV 09-7801 GHK (FFMx) (See Notice of Previous Removal)

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Plaintiff alleges that potential class members reside throughout the U.S. |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Plaintiff alleges that the claims arose throughout the United States |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): /s/ Paul M. Kakuske    Date December 12, 2011
Paul M. Kakuske

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**CV11- 10242 GHK (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY